2. EVIDENCE, § 461*—*what is sufficient to establish fact.* The fact that salicylic acid and formaldehyde are found in an extract made from vanilla beans and other ingredients, such as grain alcohol, glycerine and sugar, eight months after such extract was made is not sufficient evidence to show that the beans contained such acid or formaldehyde.

3. APPEAL AND ERROR, § 1402*—*when verdict will be set aside.* A verdict manifestly against the weight of the evidence will be reversed.

## J. Wallace Wakem, Appellee, v. Colonial Trust & Savings Bank, Appellant.

## Gen. No. 20,752.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Action by J. Wallace Wakem against the Colonial Trust & Savings Bank, a corporation, for the alleged conversion by said bank of a promissory note in the sum of $2,000 made by John T. Cheney, under date of July 9, 1912, due four months from its date, bearing interest at the rate of six per cent. per annum, indorsed in blank by Clinton S. Woolfolk and the Realty Realization Company, and of forty shares of the capital stock of the said company which was attached to said note as collateral security. Plaintiff purchased the note from R. C. Keller, vice-president and cashier of the Colonial Trust & Savings Bank, and the note with the collateral attached was subsequently deposited with the bank for collection. The bank issued its receipt to plaintiff, under said date, reciting therein that it had received the note for collection. The plaintiff denied that he authorized the bank to deliver the

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

note to the indorser, Woolfolk, and no written authority was given to the bank to deliver the note to such indorser.

Following the death of the indorser, Woolfolk, about five months after the maturity of the note, plaintiff for the first time, according to his testimony, learned that the bank had delivered the note to such indorser. Neither the note nor collateral has ever been found, and plaintiff has received no proceeds from either. There was a finding in favor of plaintiff, and judgment for $2,183.46, whereupon defendants appeal.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for appellant; MITCHELL D. FOLLANSBEE and FRED BARTH, of counsel.

W. W. GURLEY and WALTER F. OLDS, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. BANKS AND BANKING, § 152*—*when bank is liable for negligence.* If no authority is given to a bank to deliver a note to an indorser thereon for collection, such unauthorized act on the part of the bank constitutes negligence, and the bank is liable for any loss resulting therefrom.

2. APPEAL AND ERROR, § 1396*—*when finding will be set aside on appeal.* Evidence *held* to justify a finding that a bank was not authorized to deliver a note to an indorser thereon for collection.

3. APPEAL AND ERROR, § 1173*—*when propositions of law refused need not be considered on appeal.* Where no complaint is made as to propositions of law held by the court, which propositions correctly state the principles of law applicable to the evidence, it is unnecessary to consider objections to propositions of law refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.